THE STATE OF TEXAS
COUNTY OF ELLIS
CAUSE NO: 90566
## CITATION

TO: VISION FINANCIAL CORPORATION
C/O CORP SRVC CO, DBA CSC-LAWYERS INC
211 E 7TH ST, STE 620
AUSTIN, TX 78701

MAILED THIS _____ DAY OF _____ 20___
CONSTABLE, PCT 5, TRAVIS COUNTY, TEXAS
BY: _____
DEPUTY

DEC 10 2014
CARLOS B. LOPEZ

Defendant, in the hereinafter styled and numbered cause: 90566

You are hereby commanded to appear before 40TH JUDICIAL DISTRICT COURT of ELLIS COUNTY, TEXAS to be held at the courthouse of said county in the City of Waxahachie, County of Ellis County, Texas, by filing a written answer to the petition of Plaintiff at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number **90566** styled.

GARCIA, JR., ISRAEL
-VS-
VISION FINANCIAL CORPORATION

Filed in said court on the 11/19/2014

The name and address of the attorney for plaintiff, or the address of the plaintiff is: GARCIA, JR., ISRAEL, 115 EVENING STAR CIR, RED OAK, TX 75154

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorneys do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after you were served this citation and petition, a Default Judgment may be taken against you."

WITNESS: Melanie Reed, District Clerk of the District Court of Ellis County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT COUNTY OF ELLIS, TEXAS, ON THIS THE 24th day of November, 2014.

Melanie Reed, District Clerk
109 S. Jackson Street Rm. 209
Waxahachie, TX 75165
SEAL
By _____
Mary Hinds, Deputy

EXHIBIT A

**OFFICER'S RETURN - CAUSE # 90566**

| | |
|---|---|
| **GARCIA, JR., ISRAEL**<br>-VS-<br>**VISION FINANCIAL CORPORATION** | IN THE 40TH JUDICIAL DISTRICT COURT<br>OF<br>ELLIS COUNTY, TEXAS |

**NAME AND ADDRESS FOR SERVICE:**
VISION FINANCIAL CORPORATION
C/O CORP SRVC CO, DBA CSC-LAWYERS INC
211 E 7TH ST, STE 620
AUSTIN, TX 78701

Came to hand on the _____ day of _____, 20___, at _____, o'clock ____.m., and executed in _____ County, Texas by delivering to each of the within named defendants, in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the ORIGINAL PETITION, at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

Carlos B. Lopez
Constable Pct. 5, Travis County, Texas

**FEES:**
Serving Petition and Copy $_____
Total                              $_____

_____, Officer
_____, County, Texas
By:_____, Deputy

_____ Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
            (First, Middle, Last)
_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server
_____
(Id # & expiration of certification)

**RETURN TO:**
Melanie Reed Ellis County District Clerk
109 S. Jackson Street Rm. 209
Waxahachie, TX 75165

STATE OF TEXAS §
COUNTY OF ELLIS §
SIGNED under oath before me on this _____ day of _____, 20___.

_____
Notary Public, State of Texas

CAUSE NO. 90566

| | ) | |
|---|---|---|
| ISRAEL GARCIA JR. | ) | |
| *Plaintiff.* | ) | IN THE DISTRICT COURT |
| v. | ) | |
| | ) | |
| VISION FINANCIAL | ) | |
| CORPORATION | ) | 40TH JUDICIAL DISTRICT |
| *Defendant.* | ) | |
| | ) | |
| | ) | ELLIS COUNTY, TEXAS |
| | ) | |

FILED FOR RECORD
2014 NOV 19 PM 1:57
MELANIE REED
DISTRICT CLERK
ELLIS COUNTY, TX

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Israel Garcia Jr., complains of Vision Financial Corporation Defendant, and for cause of action would respectfully show as follows:

## NATURE OF ACTION

1. This is an action for damages brought by individual, Plaintiff Israel Garcia Jr. against Vision Financial Corporation. for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(b)(1)(A)(iii).

2. Plaintiff contends that Defendant called his cellular telephone number using an automatic telephone dialing system as defined by the Telephone Consumer Protection Act, 47 U.S.C. §227(a)(1) without express consent to do so.

## DISCOVERY CONTROL PLAN

3. Pursuant to Rule 190.2 of the Texas Rules of Civil Procedure the discovery shall be conducted under level 1.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter because the amount in controversy exceeds the minimum jurisdictional limit of this Court. Jurisdiction of this Court arises under 47 U.S.C. §227(b)(3).

5. Venue is proper pursuant to 28 U.S.C. §1391b. Venue in Ellis County, Texas, 40th Judicial District Court is proper in that the Plaintiff resides in State of Texas, Ellis County, City of Red Oak, the Defendant Vision Financial Corp. transacts business here, and the conduct complained of occurred here.

6. All conditions precedent to the bringing of this action, have been performed.

## PARTIES

7. The Plaintiff in this lawsuit is Israel Garcia Jr., a natural person and a citizen of Ellis County, Texas.

8. Defendant in this lawsuit is Vision Financial Corp. (herein after "VISION") a debt collection company with principal office at 5301 E State St Lower Level, Rockford, IL 61108.

9. VISION may be served with process by serving their registered agent at Corporation Service Company DBA CSC – Lawyers Inco 211 E 7th Street Suite 620 Austin, TX 78701.

## FACTUAL ALLEGATIONS

10. On or about September 3, 2014 Defendant VISION began calling the Plaintiff's wireless cell phone 313- 310-4220 from telephone numbers 313-334-4563, 313-915-4242, 313-925-3282, 313-915-4244, 313-346-5378, 313-915-4435, 313-447-1419, 313-346-5100, 313-749-9961, 313-483-7904 which are numbers known to be used by VISION in their debt collection operations.

11. Defendant VISION called Plaintiff's cell phone number 313-310-4220, on the following dates and times:

    1) September 3, 2014 at 11:46 AM
    2) September 4, 2014 at 12;50 PM
    3) September 5, 2014 at 2:22 PM
    4) September 8, 2014 at 2:15 PM
    5) September 9, 2014 at 5:41 PM
    6) September 10, 2014 at 9:17 AM
    7) September 12, 2014 at 8:32 AM
    8) September 13, 2014 at 9:29 AM
    9) September 16, 2014 at 10:39 AM
    10) September 17, 2014 at 2:43 PM
    11) September 18, 2014 at 7:49 PM
    12) September 19, 2014 at 12:17 PM
    13) September 22, 2014 at 2:20 PM
    14) September 24, 2014 at 1:04 PM
    15) September 25, 2014 at 8:50 AM
    16) September 26, 2014 at 11:51 AM
    17) September 29, 2014 at 10:10 AM
    18) September 30, 2014 at 8:43 AM
    19) September 30, 2014 at 4:08 PM
    19) October 1, 2014 at 8:02 AM
    20) October 2, 2014 at 9:43 AM
    21) October 3, 2014 at 11:50 AM
    22) October 4, 2014 at 8:02AM
    23) October 6, 2014 at 10:51AM
    24) October 7, 2014 at 4:15 PM
    25) October 8, 2014 at 9:28 AM
    26) October 9, 2014 at 10:24AM

12. On September 19, 2014 at 5:41 PM and September 12, 2014 at 8:32AM Plaintiff answered the phone and Defendant VISION would not say anything and there would only silence.

13. On September 13, 2014 at 9:29 AM and September 22, 2014 at 2:20 PM, Plaintiff instructed the Defendant to quit calling his cell phone.

14. On October 1, 2014 at 8:02AM Plaintiff instructed the Defendant to quit calling his cell phone and Defendant would not say anything and there would only be silence and Defendant disconnected the call.

15. **Exhibit (A)** includes all the photos the plaintiff took during each and every call that the Defendant made to his cell phone.

16. **Refer to ¶10-14**; in each telephone communication, Defendant VISION used a telephone dialing system with the *capacity* to automatically dial Plaintiff's wireless cellular phone.

17. At no time has the Plaintiff given his express consent, written or otherwise, to Defendant VISION to call his wireless cellular telephone number (313) 310-4220.

18. **Refer to ¶10-14**; in each telephone communication, Defendant VISION attempted to contact the Plaintiff were for a non-emergency purpose.

19. Upon information and belief, in each telephone communication in question here, Defendant VISION used a telephone system which utilizes interactive voice recognition technology, also known as a predictive dialer, in which machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative.

20. **Refer to ¶19,** this technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer.

21. Plaintiff has no prior or present established relationship with Defendant VISION.

22. Plaintiff has no contractual obligation to pay Defendant VISION any alleged consumer debt nor has ever heard of them.

23. On September 2, 2014 Plaintiff sent a letter informing Defendant VISION said actions were a violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and 47 U.S.C. § 227(b)(1)(A)(iii). This was in an effort to amicably resolve the matter prior to litigation. Defendant failed to respond.

24. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A) BY DEFENDANT VISION FINANCIAL CORP.

25. Paragraphs 1 through 24 are re-alleged as though fully set forth herein.

26. Plaintiff and Defendant VISION do not have an established business relationship within the meaning of 47 U.S.C. §227(a)(2).

27. Defendant VISION called Plaintiff's cellular telephone using an "automatic telephone dialing system" within the meaning of 47 U.S.C. §227(a)(1).

28. In each telephone communication referenced in ¶10 through ¶14 Defendant VISION has demonstrated willful or knowing non-compliance with 47 U.S.C. § 227 (b)(1)(A) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Plaintiff's cellular telephone number (313) 310-4220, which is assigned to a cellular telephone service *with no* prior express consent and for no emergency purpose.

29. 47 U.S.C. §227(b)(1)(A) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
> > (1) PROHIBITIONS.—It shall be **unlawful for any person** within the United States, or any person outside the United States if the recipient is within the United States—
> >
> > > **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part:  If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

d) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A)(iii) BY DEFENDANT VISION FINANCIAL CORP.

30. Plaintiff alleges and incorporates the information in paragraphs 1 through 29.

31. In each telephone communication referenced in ¶10 through ¶14, Defendant VISION has demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A)(iii) by using equipment with automatic telephone dialing system or used a telephone dialing system that has the *capacity* to automatically call the Plaintiff's number (313) 310-4220, which is *assigned to a cellular telephone service.*

32. 47 U.S.C. §227(b)(1)(A)(iii) which states in part;

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> (iii) **to any telephone number assigned** to a paging service, **cellular telephone service**, specialized mobile radio service, or other radio common carrier service, **or any service for which the called party is charged for the call;**

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

e) Adjudging that Defendant violated the Telephone Consumer Protection Act and/or admission from the Defendant(s) that they violated the Telephone Consumer Protection Act;

f) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(B); which states in part: an action to recover for actual monetary loss form such a violation, or to receive $500 in damages for each such violation, whichever is greater.

g) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C §227(b)(3)(C); which states in part:  If the Court finds that the Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 (three) times the amount available under subparagraph (B) of this paragraph.

h) Awarding such other and further relief as the Court may deem just and proper.

## REQUEST FOR A RECORD

32. Pursuant to Texas Government Code section 52.046, the Plaintiff hereby request that an official court recorder attend and make full record of all hearings in this case.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands trial by jury.

Dated: November 17, 2014

Respectfully Submitted,

*[signature]*

Israel Garcia Jr.
115 Evening Star Cir
Red Oak, TX 75154
(972) 816-6374
igarcia75115@yahoo.com