## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ISRAEL GARCIA JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:15-CV-00006-B** |
| | ) | |
| **VISION FINANCIAL CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT, VISION FINANCIAL CORPORATION'S, ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Vision Financial Corporation ("Vision"), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Israel Garcia Jr. ("plaintiff"), and states:

## NATURE OF ACTION

1.      Vision admits plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*., but denies any violations, liability or wrongdoing under the law.  Except as specifically admitted, Vision denies the allegations in ¶ 1.

2.      Vision denies the allegations in ¶ 2.

## DISCOVERY CONTROL PLAN

3.      Vision denies the allegations in ¶ 3 as this matter has been removed to federal court and discovery is now subject to the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

4.       Vision admits jurisdiction is proper in the United States District Court for the Northern District of Texas.   Except as specifically admitted, Vision denies the allegations in ¶ 4.

5.       Upon information and belief, Vision admits venue is proper in the United States District Court for the Northern District of Texas.   Except as specifically admitted, Vision denies the allegations in ¶ 5.

6.       Vision denies the allegations in ¶ 6 for lack of knowledge or information sufficient to form a belief therein.

## PARTIES

7.       Upon information and belief, Vision admits the allegations in ¶ 7.

8.       Vision admits part of its business is the collection of debts and it has an office located at 5301 E. State St, Rockford, IL 61108.   Except as specifically admitted, Vision denies the allegations in ¶ 8.

9.       Vision admits the allegations in ¶ 9.

## FACTUAL ALLEGATIONS

10.      Vision denies the allegations in ¶ 10.

11.      Vision denies the allegations in ¶ 11.

12.      Vision denies the allegations in ¶ 12.

13.      Vision denies the allegations in ¶ 13.

14.      Vision denies the allegations in ¶ 14.

15.      Vision denies the allegations in ¶ 15.

16.     Vision denies the allegations in ¶ 16.

17.     Vision denies the allegations in ¶ 17.

18.     Vision denies the allegations in ¶ 18 as calling for a legal conclusion.

19.     Vision denies the allegations in ¶ 19.

20.     Vision denies the allegations in ¶ 20.

21.     Vision denies the allegations in ¶ 21.

22.     Vision denies the allegations in ¶ 22 for lack of knowledge or information sufficient to form a belief therein.

23.     Vision denies the allegations in ¶ 23 for lack of knowledge or information sufficient to form a belief therein.

24.     Vision denies the allegations in ¶ 24 as calling for a legal conclusion.

## <u>COUNT I</u>
## <u>VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT</u>
## <u>47 U.S.C. § 227(b)(1)(A) BY DEFENDANT VISION FINANCIAL CORP.</u>

25.     Vision reasserts the foregoing as if fully set forth herein.

26.     Vision denies the allegations in ¶ 26.

27.     Vision denies the allegations in ¶ 27.

28.     Vision denies the allegations in ¶ 28.

29.     Vision denies the allegations in ¶ 29.

**COUNT II**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(b)(1)(A)(iii) BY DEFENDANT VISION FINANCIAL CORP.**

30.     Vision reasserts the foregoing as if fully set forth herein.

31.     Vision denies the allegations in ¶ 31.

32.     Vision denies the allegations in ¶ 32.

**REQUEST FOR A RECORD**

32.     (sic)  Vision denies the allegations in ¶ 32.

**VISION'S AFFIRMATIVE DEFENSES**

1.     Vision denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of Vision's purported violations.

2.     One or more claims asserted by plaintiff are barred by the statute of limitations, laches, estoppel, wavier and/or unclean hands.

3.     Assuming plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

4.     Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than Vision and were beyond the control or supervision of Vision or for whom Vision was and is not responsible or liable.

5.     Plaintiff has failed to state a claim against Vision upon which relief may be granted.

6.     One or more of the telephone calls made to plaintiff were not made to a wireless, *i.e.*, cellular, telephone.

7.     Plaintiff consented and authorized calls to the phone number in question.

4

8.     The phone calls made to plaintiff are exempt from TCPA liability under 47 U.S.C. § 227(b)(1)(B), 47 U.S.C. § 227(b)(2)(b) and 47 C.F.R. § 64.1200(a).

9.     The equipment used to make the telephone calls at issue is not covered by or subject to the TCPA.

10.    To the extent the calls at issue were to plaintiff's cellular telephone, as alleged, plaintiff provided consent to receive those calls.

11.    To the extent plaintiff was not the intended recipient of the calls, plaintiff has no standing to assert the claim.

12.    Plaintiff acquiesced in and/or consented to the acts and omissions alleged in the Complaint.

WHEREFORE, Defendant, Vision Financial Corporation, requests the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Respectfully submitted,


/s/ Whitney L. White
Whitney L. White, Esq.
TX Bar No. 24075269
**Sessions, Fishman, Nathan & Israel, L.L.C.**
900 Jackson Street, Suite 440
Dallas, TX  75202-4473
Telephone: (214) 741-3017
Facsimile: (214) 741-3055

**Attorney for Defendant,
Vision Financial Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January, 2015, a copy of the foregoing

**Defendant, Vision Financial Corporation's, Answer and Affirmative Defenses** was

electronically filed with the Clerk of the Court for the United States District Court for the

Northern District of Texas and served via U.S. Mail upon the following:

Israel Garcia Jr.
115 Evening Star Cir.
Red Oak, TX 75154
Telephone: 972-816-6374
Igarcia75115@yahoo.com


/s/ Whitney L. White
Whitney L. White