IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ISRAEL GARCIA, JR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:15-CV-00006-B |
| | § | |
| **VISION FINANCIAL CORPORATION,** | § | |
| | § | |
| Defendant. | § | |

## JOINT STATUS REPORT

Pursuant to the Court's January 13, 2015 Order and Federal Rule of Civil Procedure 26(f), *pro se* Plaintiff, Israel Garcia, Jr. ("Plaintiff"), and Defendant, Vision Financial Corporation ("Vision"), submit this Joint Status Report, and state as follows:

1. **A brief statement of the nature of the case, including the contentions of the parties:**

    **Plaintiff:** Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq.* by calling Plaintiffs cellular telephone without express consent using an automatic telephone dialing system and/or used a telephone system, which utilizes interactive voice recognition technology, also known as a predictive dialer. Plaintiff seeks $500.00 per each violation pursuant to 47 U.S.C. § (b)(3)(B) and $1500.00 for each and every knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(C).

    **Defendant:** Vision denies any violations, liability or wrongdoing under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*. Specifically, Vision denies its calls were made without prior express consent, Vision denies that the calls were made using equipment subject to the TCPA, Vision denies that plaintiff is the subscriber for the phone number at issue, and to the extent plaintiff was not the intended recipient of the calls Vision claims plaintiff lacks standing. Vision further incorporates its Answer and Affirmative Defenses filed herein (Dkt. 5).

1

2. **Any challenge to the jurisdiction or venue, including any procedural defects in the removal, if this case was removed:** None.

3. **Any pending motions:** None.

4. **Any matters which require a conference with the court:** None.

5. **Likelihood that other parties will be joined or the pleadings amended:**

6. **(a) An estimate of the time needed for discovery, with reasons:** Defendant anticipates discovery will take 8 months as plaintiff is in the process of retaining counsel, Vision is not headquartered in Texas, depositions will require travel, and third party discovery will be needed from the applicable phone service providers which are not known at this time. Defendant proposes a discovery deadline of **October 9, 2015.**

    Plaintiff respectfully request 6 months to complete written discovery and depositions in this case. This is not a complex case in which would not require 8 months to complete discovery and depositions.

7. **(b) a specification of the subjects on which discovery may be needed:** Discovery will be needed on Plaintiff's claims and Vision's defenses. Further, third party discovery will likely be needed from Plaintiff's phone service providers and expert discovery may be required regarding the equipment, if any, used to make the telephone calls at issue. All documents and information related to communications between Plaintiff and Defendant including, but not limited to, Defendant's call records and logs. Defendant's equipment used to make any alleged automated calls.

    **(c) whether discovery should be conducted in phases or be limited to or focused upon particular issues:** The Parties do not believe discovery should be conducted in phases, or limited to or focused upon limited issues, except as set forth in the Federal Rules of Civil Procedure.

8. **Any issues related to disclosure or discovery of electronically storied information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced:** None at this time.

9. **Any issues relating to claims of privilege or of protection as trial-preparation material, including-if the parties agree on a procedure to assert such claims after production-whether they will be asking the Court to include their agreement in an order:** The Parties may request

that certain documents be deemed confidential pursuant to a confidentiality agreement or order agreed upon by the parties.

10. **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed:** The Parties do not request any discovery limitations beyond those set forth in the Federal Rules of Civil Procedure.

11. **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c):** None.

12. **Proposed deadlines with specific dates that limit the time to:**

    **(a) join other parties and to amend the pleadings:** April 3, 2015

    **(b) file motions, including summary judgment and other dispositive motions:** Defendant proposes November 27, 2015. Plaintiff states September 27, 2015.

    **(c) complete discovery:** Defendant proposes October 9, 2015. Plaintiff states August 9, 2015.

    **(d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2)**
    **Plaintiff:** July 24, 2015
    **Defendant:** August 21, 2015
    **Rebuttal Experts:** September 4, 2015

13. **Requested trial date, estimated length of trial, and whether jury has been demanded:** March 7, 2016. The Parties estimate trial will take 2-3 days and plaintiff has demanded a jury trial.

14. **Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c):** The Parties do not consent to trial before a Magistrate Judge.

15. **Progress made toward settlement, and the present status of settlement negotiations. This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful:** For the past two weeks, the Parties have exchange information and discussed settlement, but have been unable to reach an agreement regarding

settlement. Plaintiff has expressed his intent to retain counsel in this matter, and is in the process of retaining said counsel. The Parties anticipate that settlement talks will continue once plaintiff has retained counsel.

**16. What form of alternative dispute resolution (*e.g.*, mediation, arbitration, summary jury trial court, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and *when* it would be most effective:** The Parties believe mediation in front of a Magistrate Judge would be appropriate after some time for discovery has passed.

**17. Any other matters relevant to the status and disposition of this case:** None at this time.

Respectfully submitted,

/s/ Israel Garcia Jr.
Israel Garcia Jr.
115 Evening Star Cir.
Red Oak, TX 75154
Telephone: 972-816-6374
Igarcia75115@yahoo.com

**Plaintiff** *pro se*

/s/ Whitney L. White
Whitney L. White
State Bar No. 24075269
**Sessions Fishman Nathan & Israel LLC**
900 Jackson Street
Suite 440
Dallas, Texas 75202
Telephone:  214-741-3001
Facsimile:  214-741-3055
Email: wwhite@sessions-law.biz

**Attorney for Defendant,
Vision Financial Corporation**